NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1274
_____

ALBERT ITTERLY,
on behalf of himself and similarly situated employees,
Appellant

v.

FAMILY DOLLAR STORES, INC.;
FAMILY DOLLAR STORES OF PENNSYLVANIA, INC.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 5-08-cv-01266)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2015
_____

Before: FISHER, JORDAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: April 9, 2015)

———————

OPINION*

———————

GREENAWAY, JR., *Circuit Judge*.

Albert Itterly ("Appellant") appeals the District Court's grant of summary

judgment to Family Dollar Stores, Inc. and Family Dollar Stores of Pennsylvania, Inc.

("Family Dollar" or "Appellees") on Appellant's claims under the Pennsylvania

Minimum Wage Act (the "PMWA"). Appellant argues that there is a genuine dispute of

material fact as to whether he is an executive employee exempt from overtime payments

under the PMWA. We find there is no basis to upset the District Court's determination

that summary judgment on this issue is appropriate. We will affirm.[1]

## I.      Factual and Procedural History

Appellant worked as the Store Manager at the Family Dollar store in Allentown,

Pennsylvania (the "Allentown Store") between July and November of 2007. Appellant's

responsibilities included supervision of other employees, scheduling of employees,

delegating duties to site employees, disciplining employees, and hiring. Appellant also

spent much of his time unloading freight, stocking shelves, and working a register. He

worked an average of 63.5 hours per week. He was paid a weekly salary of $930.00 and

received a single bonus of $904.75. He was not paid for overtime work.

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367; we have jurisdiction under 28 U.S.C. § 1291.

Appellant filed a complaint in the District Court alleging that the denial of overtime pay for his work in excess of forty hours per week violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*,[2] and the PMWA, 43 PA. CONS. STAT. ANN. § 333.101 *et seq.* Appellant argued that because he spent "virtually all of his time" performing nonmanagerial tasks and physical labor, his "primary duty" as Store Manager was not management. As such, he was not an "executive" employee exempt from overtime payments under the PMWA. Appellant also argued that management was not his primary duty because (1) he shared responsibility for many of his managerial duties with nonexempt Assistant Store Managers ("ASMs") and (2) Family Dollar's corporate policies and his supervising District Manager limited any discretion he had to manage the store.

The District Court held that there were no genuine disputes of material fact and that Family Dollar was entitled to summary judgment as a matter of law. The District Court rejected Appellant's arguments, concluding that Appellant was an executive employee exempt from overtime payments under the PMWA.

## II. Analysis

"[W]e employ a plenary standard in reviewing orders entered on motions for summary judgment . . . ." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). We employ the same standard as the District Court, and "'view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party

---

[2] Appellant withdrew his FLSA claim in September 2011, leaving only his individual and class claims under the PMWA.

opposing the motion.'" *Id.* (quoting *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995)). "'[A] factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party.'" *Id.* (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003)).

Under the PMWA's executive employee exemption, anyone employed in a "bona fide executive . . . capacity" is exempt from the PMWA's overtime protections. 43 PA. CONS. STAT. ANN. § 333.105(a)(5). The employer has the burden of establishing an exemption, and such exemptions are narrowly construed against the employer. *Pignataro v. Port Auth.*, 593 F.3d 265, 268 (3d Cir. 2010). It is undisputed that Appellant earned more than $250 per week and is thus subject to the "short test" for determining whether he is an exempt executive employee pursuant to Pennsylvania regulations. 34 PA. CODE § 231.82(6). Under the short test, the exemption applies only to employees "whose primary duty consists of the management of the enterprise in which he is employed . . . and includes the customary and regular direction of the work of two or more other employees." *Id.*

Appellant concedes that he regularly directed the work of two or more employees. The only issue on appeal is whether Appellant's "primary duty" as a Store Manager at Family Dollar was "management of the enterprise." Appellant argues that where: (1) he spent nearly all of his time performing manual labor, (2) the nonexempt ASMs performed the same managerial duties as he did, (3) his District Manager micro-managed the store,

4

and (4) Family Dollar's detailed corporate policies limited Appellant's discretion to such an extent that he did not actually "manage" the store, there was a genuine dispute of material fact as to whether Appellant's primary duty was management and summary judgment was thus inappropriate. We reject this argument.[3]

A.     Appellant Performed Managerial Duties.

The record demonstrates that Appellant performed managerial tasks as the Store Manager of the Allentown Store. The federal regulations implementing the FLSA[4] define "management" to include activities such as:

> [I]nterviewing, selecting, and training of employees . . . directing the work of employees; . . . appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; disciplining employees; . . . apportioning the work among the employees;

[3] To the extent Appellant argues that *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008) (holding that sufficient evidence supported jury's determination that Family Dollar Store Managers were nonexempt employees) compels a different result, his reliance is misplaced. The *Morgan* court expressly found that the Store Managers in that case did *not* perform exempt and non-exempt activities concurrently. *Id.* at 1272-73. We find the Fourth Circuit's decision in *In re Family Dollar FLSA Litigation,* 637 F.3d 508 (4th Cir. 2011) (affirming a district court's grant of summary judgment in favor of Family Dollar) more persuasive. There, the Fourth Circuit noted that even though the appellant performed nonmanagerial tasks 99% of the time, she performed them concurrently with her managerial duties and "in the context of her overall responsibility to see that the store operated successfully and profitably." *Id.* at 516. This emphasis on the importance of the Appellant's managerial duties rather than on the amount of time spent performing nonexempt tasks is consistent with our own precedent. *See, e.g.*, *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141 (3d Cir. 1983).

[4] The parties agree that the FLSA's definitions of "primary duty" and "management" apply to Appellant's claim. Pennsylvania courts have looked to federal law regarding the FLSA for guidance in applying the PMWA. *See Commonwealth v. Stuber,* 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), *aff'd,* 859 A.2d 1253 (Pa. 2004) (applying "federal case law" regarding the FLSA to a PMWA claim).

. . . [and] providing for the safety and security of the employees or the property . . . .

29 C.F.R. § 541.102.

Appellant admitted in his deposition to performing many of these activities during the course of his employment as Store Manager of the Allentown Store. He acknowledged that he (i) determined which employees worked which shifts; (ii) assigned work to employees; (iii) interviewed and hired cashiers, (iv) recommended hiring of assistant store managers; (v) trained employees on store policies and procedures; (vi) evaluated employee performance; (vii) disciplined an employee for a rule violation; (viii) reviewed daily sales; (ix) worked to increase sales; (x) adjusted his staff schedules to stay within the allocated payroll budget; and (xi) maintained the security of the store and reported any concerns to the police.

B.     Appellant's Primary Duty was Management.

Appellant's responsibility for the tasks above and the general character of his position demonstrate that management was his "primary duty" as a Family Dollar Store Manager. The regulations define the "primary duty" as the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Further, we should specifically consider:

> [T]he relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.*

6

Consideration of each factor yields the conclusion that Appellant's primary duty was management.

> 1. *Relative Importance of Exempt Duties and Time Spent Performing Exempt Work*

Appellant's primary contention on appeal is that because he spent the vast majority of his time performing nonexempt tasks such as unloading freight, stocking shelves, and ringing a register, management was not his "primary duty." We, however, have recognized that an employee need not spend the majority of his time performing managerial tasks in order to be considered exempt. *See, e.g.*, *Guthrie v. Lady Jane Collieries, Inc*, 722 F.2d 1141 (3d Cir. 1983) (holding that foremen who spent no more than 44% of their time performing managerial work were exempt executives under the FLSA). Indeed, § 541.700(b) specifically notes that "time [allocation] alone . . . is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work."

Rather, the regulations set out a qualitative standard that considers the relative importance of the managerial duties as compared with the employee's nonexempt duties. In making this determination, we look to "whether the management activities are critical to the successful operation of the enterprise." *Guthrie*, 722 F.2d at 1145 (citing *Donovan v. Burger King Corp*., 675 F.2d 516, 521 (2d Cir. 1982)).

According to Family Dollar's policies, a Store Manager's first "essential job function[]" is to "[s]upervise all store personnel, including assigning tasks [and] ensuring compliance with merchandising and operational policies." App. 2584a. Appellant

7

managed the Allentown Store on a daily basis, preparing the store cash and sales book, maintaining store safety and security, assigning work, scheduling store associates, and ensuring that an ASM was scheduled to assist with these duties if he was not in the store. Appellant's performance of these managerial duties was essential to the success of the Allentown Store. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 505 (6th Cir. 2007) (noting that store "would not function at all" had manager failed to perform managerial duties such as hiring, scheduling, and training employees).

Moreover, Appellant performed many of these managerial responsibilities concurrently with nonexempt duties such as unloading freight, stocking shelves, and operating a register.[5] *See Guthrie,* 722 F.2d at 1145 ("[T]o the extent that these [managerial] functions are carried out simultaneously with the performance of nonexempt work, we are not persuaded that they must be regarded as nonmanagerial."); 29 C.F.R. § 541.106(a) ("Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption . . . ."). Federal regulations recognize that "[g]enerally, exempt executives . . . remain responsible for the success or failure of business operations under their management while performing the nonexempt work."[6] 29 C.F.R. § 541.106(a). Thus, even while stocking shelves or operating a

---

[5] For instance, Appellant testified that he maintained security while unloading freight. *See* App. 130-31a ("It was a way of the manager still having control of that situation in the back and still unloading the truck . . . .").

[6] Indeed, the regulations specifically cite retail managers as exempt executive employees who perform many nonexempt tasks. *See* 29 C.F.R. § 541.700(c) (retail managers "may have management as their primary duty even if the . . . managers spend

8

register, Appellant remained responsible for supervising and directing his employees, among other things. *See In re Family Dollar FLSA Litig.,* 637 F.3d 508, 515 (4th Cir. 2011) (noting that even when performing nonmanagerial tasks, Store Manager was responsible for running the store).

Appellant's argument that management was not his primary duty because nonexempt ASMs performed the same managerial tasks as he did is also unavailing. Family Dollar's policies demonstrate that the Store Manager had primary responsibility for management of the store and that the ASMs assisted him in that role. The fact that nonexempt ASMs assisted Appellant with many of his managerial duties does not render these duties nonmanagerial for the purposes of our primary duty analysis. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1115 (9th Cir. 2001).

2.     *Relative Freedom from Direct Supervision*

Appellant's argument that the active supervision of a District Manager renders him nonexempt also fails. The record does not show that Appellant was micro-managed by a District Manager; rather, the District Manager oversaw 19 Family Dollar stores and visited the Allentown Store roughly once or twice a week. *See In re Family Dollar*, 637 F.3d at 517 (noting that Family Dollar Store Manager was relatively free from supervision where District Manager supervised 17 stores, "which would hardly permit him to micro-manage all 17"). Although Appellant often received instructions from the

more than 50 percent of the time performing nonexempt work such as running the cash register"); 29 C.F.R. § 541.106(b) ("An exempt employee can also simultaneously direct the work of other employees and stock shelves.").

9

District Manager and consulted with the District Manager regarding hiring and disciplinary decisions, Appellant retained discretion to manage the store. For the vast majority of the time, Appellant was the highest-ranking employee at the Allentown Store and managed it with little direct supervision. *See Guthrie*, 722 F.2d at 1146 (noting that section foremen were the persons on the property with the highest authority about half the time, supporting their classification as exempt employees); *see also Murray v. Stuckey's, Inc.*, 50 F.3d 564, 570 (8th Cir. 1995) ("[A]ctive supervision and periodic visits by a regional manager do not eliminate the day-to-day discretion of the onsite store manager.").

The existence of detailed corporate policies likewise does not render Appellant's managerial work any less important. Courts have recognized that such corporate policies are commonplace, particularly in large retail chains, and do not render the managers subject to those policies nonexempt.[7]

Appellant was subject to Family Dollar's detailed corporate policies, but still exercised discretion in applying those policies. For example, though Appellant was bound by the pre-made Family Dollar staff scheduler, he testified that he was responsible for assigning a staff member to each shift and for adjusting the employee schedules to fit

---

[7] *See, e.g.*, *Murray*, 50 F.3d at 570 ("[N]ationwide companies . . . establish standardized procedures and policies to guide individual store managers. This practice may circumscribe[,] but it does not eliminate[,] the discretion of the on-site manager of an isolated store . . . ."); *In re Family Dollar*, 637 F.3d at 517 (Store Manager subject to Family Dollar company policies was relatively free from supervision).

his payroll budget. Further, the Family Dollar corporate policies themselves vested Appellant with discretion in hiring, evaluating, and disciplining personnel.

### 3. Appellant's Salary Relative to Non-Exempt Employees' Wages

Finally, the regulations call for an analysis of the relationship between Appellant's salary and the wages paid to nonexempt employees. Ultimately, this factor favors Family Dollar because Appellant received significantly greater compensation than Family Dollar's nonexempt employees in addition to his bonus of $904.75 that the nonexempt employees were ineligible to receive.[8] Appellant received $930 per week compared with the $400 per week received by the hourly ASMs (assuming a forty hour work-week). Even if the ASMs had worked as many hours as Appellant, they would only have received $752.50 per week (including overtime). Thus, even accounting for overtime compensation, Appellant still received roughly 24% more than the next highest paid Family Dollar employees (not including his bonus).[9]

Based on our de novo review, there are no genuine disputes of material fact. Appellant is an exempt employee under the PMWA as a matter of law. Appellant

---

[8] Further, Store Manager bonuses are tied to the managerial task of controlling the store's expenses.

[9] The parties dispute which formulation should be used to calculate and compare Appellant's salary with that of nonexempt employees. Appellees argue that Appellant's salary should be compared to the average hourly wage received by nonexempt employees, $8.21, and Appellant argues that his salary should be compared to the ASMs' hourly wage of $10.00. Appellant also argues that his "effective" hourly rate is only $13.02. We note, however, that under any method of comparison, Appellant is better compensated than the nonexempt employees.

11

performed managerial duties critical to the success of the Allentown Store with minimal direct supervision. The fact that he consistently performed nonexempt tasks the majority of the time does not alter our analysis.

### III. Conclusion

For the foregoing reasons, we will affirm the order of the District Court.